IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONYA SUE HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-00651-CV-W-MDH-SSA |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Tonya Sue Hughes' appeal of Defendant Social Security Administration Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the Administrative Law Judge's decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED**.

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income on December 18, 2018, and alleged a disability onset date of December 5, 2018 (Tr. 162, 166). The state agency denied her claims at the initial level on March 21, 2019 (Tr. 70, 87, 108), and Plaintiff requested a hearing before an ALJ (Tr. 113). At her hearing on August 29, 2019, Plaintiff appeared with her non-attorney representative, and the ALJ heard testimony from Plaintiff and a vocational expert (Tr. 33-69). The next month, the ALJ found that Plaintiff was not disabled from December 5, 2018 (Plaintiff's alleged onset date) through the date of the ALJ's September 24, 2019 decision

(Tr. 24-25). This became Defendant's "final decision" subject to judicial review on June 18, 2020, when the Appeals Council denied Plaintiff's request for review (Tr. 1-5). Plaintiff then brought this action, which is now ripe for review.

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and

2

substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

**1. The ALJ's mental RFC is supported by substantial evidence**

In applying the Commissioner's five-step sequential evaluation process, the ALJ found at steps one and two that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 5, 2018, and had severe impairments that included major depressive disorder, anxiety disorder, borderline personality traits, peripheral vascular disease, hypertension, hyperlipidemia, obesity, and amaurosis fugax (a temporary vision loss due to lack of blood flow to the retina) (Tr. 13). *See* 20 C.F.R. §§ 404.1520, 416.920 (2019) (outlining the agency's five-step sequential evaluation process). None of Plaintiff's impairments, either singly or in combination, met or equaled the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings") (Tr. 14). As such, the ALJ formulated Plaintiff's RFC assessment for use at steps four and five, and determined that Plaintiff retained the RFC to perform sedentary work, as defined in the regulations, with additional postural, manipulative, environmental, and mental restrictions (Tr. 14). Specifically, she found that:

> [Plaintiff can] never climb ladders, ropes, or scaffolds; must never be exposed to unprotected heights or hazardous work environments; can no more than occasionally climb ramps or stairs; can no more than occasionally stoop, kneel, crouch, or crawl; can never reach overhead bilaterally; [is] limited to remembering and carrying out simple, routine tasks and making simple work-related decisions; cannot perform production pace tasks that require strict hourly goals; can have no more than frequent contact with co-workers or supervisors; can have no more than occasional contact with the general public; must avoid concentrated exposure to dust, fumes, or other pulmonary irritants; must avoid concentrated exposure to extreme heat or extreme cold; must avoid concentrated exposure to bright flashing

3

or flickering lights; and must avoid concentrated exposure to noise above a moderate level, as defined by Appendix D of the Selected Characteristics of Occupations.

(Tr. 17). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work (Tr. 23). At step five, the ALJ considered Plaintiff's RFC and vocational factors of age, education, and work history, and relying on the testimony of a vocational expert, found that Plaintiff could make a successful adjustment to other sedentary work existing in significant numbers in the national economy, including the representative occupations of patcher (approximately twenty thousand jobs nationally), table worker (approximately ten thousand jobs nationally), dowel inspector (approximately ten thousand jobs nationally), and eyeglass frame polisher (approximately ten thousand jobs nationally) (Tr. 24). Consequently, the ALJ found that Plaintiff was not "disabled" under the Act from December 5, 2018 (Plaintiff's alleged onset date) through September 24, 2019 (the date of the ALJ's decision) (Tr. 24-25).

RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis, which means eight hours a day, for five days a week, or an equivalent work schedule. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1); Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the most an individual can still do despite her limitations. *Id.* To determine the RFC, the Commissioner's rules charge the ALJ with sifting through the conflicting evidence and assessing the record as a whole, which includes such factors as medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, recorded observations, and the effects of symptoms. 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3); SSR 96-8p, 1996 WL 374184, at *5. In other words, an RFC assessment is an administrative determination reserved to the Commissioner, not a medical professional. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). And, while the ALJ must rely upon "some medical evidence" to formulate the RFC, the phrase "some

4

medical evidence" is not limited to a medical opinion. *See Mabry*, 815 F.3d at 390; *Harvey v. Colvin*, 839 F.3d 714, 717 (8th Cir. 2016).

As with other aspects of the ALJ's determination, court review of the RFC is limited. The Court may decide only whether there was substantial evidence to support the ALJ's RFC determination and "[will] not reverse it because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently." *Andrews*, 791 F.3d at 928; *see also Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

In the instant case, the ALJ's physical RFC was supported by the objective medical evidence, including Plaintiff's various diagnostic studies and her rather benign, and generally unremarkable, clinical examination findings (Tr. 260-61, 263-64, 310-11, 320-24, 335, 345-46, 348-49, 351-52, 366-67, 393-94, 396, 405, 409-10, 412, 434, 445-46, 456-57, 466-67, 484-86). While Plaintiff's blood pressures were, at most, only mildly elevated, the remaining clinical findings were routinely within normal limits, thereby supporting the ALJ's RFC (*Id.*).

The ALJ's RFC was also supported by Plaintiff's treatment history. Although Plaintiff alleged severe and limiting symptoms, such as experiencing at least three-to-four headaches per week and requiring daily naps lasting for hours, the ALJ observed that her treatment remained rather routine and conservative in nature–clearly at odds with the degree of limitation that she alleged (Tr. 20, 47, 57). An ALJ can properly consider the course of treatment and whether that treatment is indicative of disability. 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (ALJs may consider the claimant's "type, dosage, effectiveness, and side effects of any medication. . . ."); (c)(3)(v) (ALJs may consider the claimant's "[t]reatment, other than medication"); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017) (ALJs may consider the claimant's "record of any treatment

5

and its success or failure, including any side effects of medications."). If the "frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints" then the ALJ may find this to be "inconsistent with the overall evidence of record." SSR 16-3p. Although Plaintiff eventually received surgery, this procedure was uncomplicated and generally successful in alleviating her symptoms (Tr. 421, 465). Additionally, Plaintiff reported that she was "doing well following her surgery", and she testified that she generally managed her headache pain with only an over-the-counter Advil (ibuprofen) (Tr. 47, 445, 465-466). Furthermore, despite Plaintiff's hearing testimony to the contrary, she repeatedly denied having visual problems in the post-surgical records, and she was advised in July 2019 that she need not return for further eye-related treatment for one year—a lengthy interval that contradicted the severe daily and weekly symptoms she alleged (Tr. 445, 465-66).

Plaintiff's RFC was also supported by her daily activities, which included maintaining her personal hygiene; caring for dogs and rabbits; preparing simple meals; shopping for groceries; going for walks as long as one mile, at least twice per week; washing laundry; cleaning dishes; and using the internet (Tr. 41, 48, 51, 54, 62, 224-26). While Plaintiff asserts that the ALJ "overstated" her abilities (Pl.'s Br. at 7), "[i]nconsistencies between Plaintiff's subjective complaints and her daily living pattern raises doubts about her claim. *See Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016).

The ALJ's RFC was also supported, at least in part, by the medical source opinion of the consultative examiner, Dr. Arora, and the State agency medical consultant, Dr. Tschudin (Tr. 17, 22 *referring to* Tr. 79-82, 96-99, 395-96). While Dr. Arora set forth no limitations, Dr. Tschudin opined that Plaintiff had limitations commensurate with light exertional work (Tr. 79-82, 96-99, 395-96). The ALJ found these opinions to be "partially persuasive" (Tr. 22), and appropriately

6

Case 4:20-cv-00651-MDH   Document 20   Filed 02/23/22   Page 6 of 8

included additional limitations based on the evidence submitted after the doctors offered their opinion, including Plaintiff's hearing testimony (Tr. 17-23). Plaintiff argues that "[a]lthough the ALJ found the opinions partially persuasive, the RFC diverged dramatically from the . . . opined limitations." Pl.'s Br. at 4. But it was precisely the ALJ's duty to assess the RFC based on the entire record; regardless of how persuasive she found the opinions, she was not bound to them, as the regulations direct that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Plaintiff also argues that "the ALJ discounted or dismissed all opinion evidence in the record" and that "absent these opinions, the ALJ did not have any specific evidence to support the functional limitations contained in the RFC." Pl.'s Br. at 4. This argument fails for two reasons.

First, both of the doctor's opined limitations were less restrictive than, but not inconsistent with, those included in the ALJ's RFC (Tr. 17, 22 *referring to* Tr. 79-82, 96-99). Under the Commissioner's rules, "[i]f someone can do light [or greater] work . . . he or she can also do sedentary work." 20 C.F.R. §§ 404.1567(b)-(e); 416.967(b)-(e). Thus, the opinions of these doctors supported the ALJ's RFC for a reduced range of sedentary work.

Second, notwithstanding the fact that the doctors' opinions do in fact support the RFC, "there is no requirement that an RFC be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 931-32 (8th Cir. 2016). The RFC is based not only on medical opinions, but on all of the relevant medical and other evidence. *Mabry*, 815 F.3d at 390; 20 C.F.R. §§404.1545(a)(3), 416.945(a)(3); SSR 96-8p. So, even though the medical opinions do in fact support the RFC, the ALJ's RFC would have nonetheless have been valid even if they did not, because "a claimant's [RFC assessment] is ultimately an administrative determination reserved to

the Commissioner." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (quoting *Cox v. Astrue*, 495 F.3d 614, 619-20 (8th Cir. 2007).

Here, the ALJ cited to substantial evidence in the record to support the RFC. The substantial evidence standard is modest–"[a]s long as substantial evidence . . . supports the Commissioner's decision, [the Court] may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently." *Ash v. Colvin*, 812 F.3d 686, 689-90 (8th Cir. 2016); *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016); *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citing *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002)); s*ee also Biestek*, 139 S. Ct. at 1157 (substantial evidence standard of review "means–and means only–such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (internal quotations and citations omitted)). Plaintiff has failed to show that the ALJ's decision is unsupported by substantial evidence because her argument fails to meet the "no reasonable mind" standard. *See Biestek*, 139 S. Ct. at 1154.

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence in the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits to Plaintiff is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: February 23, 2022                              */s/ Douglas Harpool*
                                                     **DOUGLAS HARPOOL**
                                                     **United States District Judge**